## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

TEAMSTERS LOCAL 6390EMPLOYERS    *
HEALTH TRUST AND ITS TRUSTEES,   *
et al.         *

               *

      Plaintiffs      *

               *

      v.        *   Case No.: 1:07-cv-01604

               *

ARATA EXPOSITIONS, INC.    *   Judge Robertson

               *   Assign. Date: 9/10/2007

      Defendant     *   Description: Labor-ERISA

               *   **JURY TRIAL DEMANDED**

## ARATA EXPOSITIONS, INC.'S ANSWER TO COMPLAINT

COMES NOW the Defendant, Arata Expositions, Inc. ("Arata"), by its attorneys, McCarthy Wilson LLP, and for its Answer to the Plaintiffs' Complaint states:

### Introduction, Jurisdiction and Venue

1.    The allegations in Paragraph 1 of the Complaint purport to set forth the purpose of the Complaint, and therefore require no response. To the extent a response is required, and/or to the extent these allegations purport to state a legal and/or factual basis for the relief sought, the allegations are denied.

2.    The allegations in Paragraph 2 of the Complaint are jurisdictional allegations to which no response is required. The Defendant does not dispute that this Court has jurisdiction over this dispute and the Defendant.

3.    The allegations in Paragraph 3 of the Complaint are venue allegations to which no response is required. The Defendant does not dispute that venue is proper in this Court.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

Parties

4.    To the extent the allegations in Paragraph 4 of the Complaint state legal conclusions, no response is required.    To the extent the allegations in Paragraph 4 attempt to characterize a Health Trust Agreement and Declaration of Trust, the Defendant states that this document speaks for itself.    The Defendant presently is without information sufficient to admit or deny whether the unexecuted copy of the Health Trust Agreement and Declaration of Trust attached to the Complaint as Exhibit A is a "true, correct and complete copy" of same, and therefore denies same. The Defendant is further without information sufficient to admit or deny the remaining allegations in Paragraph 4 of the Complaint, and therefore denies same.

5.    The Defendant is without information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies same.

6.    To the extent the allegations in Paragraph 6 of the Complaint state legal conclusions, no response is required.    To the extent the allegations in Paragraph 6 attempt to characterize a Pension Trust Agreement and Declaration of Trust, the Defendant states that this document speaks for itself. The Defendant presently is without information sufficient to admit or deny whether the unexecuted copy of the Pension Trust Agreement and Declaration of Trust attached to the Complaint as Exhibit B is a "true, correct and complete copy" of same, and therefore denies same. The Defendant is further without information sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint, and therefore denies same.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

7.  The Defendant is without information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies same.

8.  To the extent the allegations in Paragraph 8 of the Complaint attempt to characterize the "Health and Pension Trusts," the Defendant states that the governing documents speak for themselves.  To the extent that the allegations in Paragraph 8 state legal conclusions, no response is required.    The Defendant admits that the Health and Pension Trusts are supposed to be governed by a Board of Trustees.    The Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9.  The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, these allegations are denied.

10.  The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required.    To the extent a response is required, these allegations are denied.

11.  The Defendant admits the allegations in Paragraph 11 of the Complaint.

12.  The Defendant admits the allegations in Paragraph 12 of the Complaint.

13.  With respect to the allegations in Paragraph 13 of the Complaint, the Defendant admits that at times relevant to this Complaint, it employed workers who were represented by Local 639.  To the extent allegations in Paragraph 13 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, these allegations are denied as phrased.  The remaining allegations in Paragraph 13 of the Complaint are denied as phrased.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

3

<u>Factual Background – Defendant's Obligations Under the Collective Bargaining</u>
<u>Agreement and the Health and Pension Trusts</u>

14.    The Defendant admits that Local 639 and the Trade Show Contractors Association of Washington, D.C. and Vicinity are parties to a collective bargaining agreement.  To the extent the allegations in Paragraph 14 attempt to characterize one or more collective bargaining agreements (defined as "Trade Show Contract(s)"), the Defendant states that these documents speak for themselves.  The Defendant presently is without information sufficient to admit or deny whether the 1999, 2003 and 2006 Agreements attached as Exhibits C, D and E to the Complaint, respectively, are "true, correct and complete" copies of same, and therefore denies same.  The Defendant otherwise denies the allegations in Paragraph 14 of the Complaint as phrased.

15.    The allegations in Paragraph 15 of the Complaint purport to interpret the "2006 Agreement."  The Defendant states that the "2006 Agreement" speaks for itself and the Defendant objects to any characterization of the "2006 Agreement" inconsistent with the terms thereof.  The Defendant otherwise denies the allegations in Paragraph 15 of the Complaint, including a denial of the alleged contribution obligations.

16.    The allegations in Paragraph 16 of the Complaint purport to interpret the "2006 Agreement."  The Defendant states that the "2006 Agreement" speaks for itself and the Defendant objects to any characterization of the "2006 Agreement" inconsistent

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 16 of the Complaint, including a denial of the alleged contribution obligations.

17.     The allegations in Paragraph 17 of the Complaint purport to interpret the "2006 Agreement." The Defendant states that the "2006 Agreement" speaks for itself and the Defendant objects to any characterization of the "2006 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 17 of the Complaint, including a denial of the alleged contribution obligations.

18.     The allegations in Paragraph 18 of the Complaint purport to interpret the "2003 Agreement." The Defendant states that the "2003 Agreement" speaks for itself and the Defendant objects to any characterization of the "2003 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 18 of the Complaint, including a denial of the alleged contribution obligations.

19.     The allegations in Paragraph 19 of the Complaint purport to interpret the "2003 Agreement." The Defendant states that the "2003 Agreement" speaks for itself and the Defendant objects to any characterization of the "2003 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 19 of the Complaint, including a denial of the alleged contribution obligations.

20.     The allegations in Paragraph 20 of the Complaint purport to interpret the "2003 Agreement." The Defendant states that the "2003 Agreement" speaks for itself and the Defendant objects to any characterization of the "2003 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 20 of the Complaint, including a denial of the alleged contribution obligations.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

21.    The allegations in Paragraph 21 of the Complaint purport to interpret the "1999 Agreement." The Defendant states that the "1999 Agreement" speaks for itself and the Defendant objects to any characterization of the "1999 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 21 of the Complaint, including a denial of the alleged contribution obligations.

22.    The allegations in Paragraph 22 of the Complaint purport to interpret the "1999 Agreement." The Defendant states that the "1999 Agreement" speaks for itself and the Defendant objects to any characterization of the "1999 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 22 of the Complaint, including a denial of the alleged contribution obligations.

23.    The allegations in Paragraph 23 of the Complaint purport to interpret the "1999 Agreement." The Defendant states that the "1999 Agreement" speaks for itself and the Defendant objects to any characterization of the "1999 Agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 23 of the Complaint, including a denial of the alleged contribution obligations.

24.    The allegations in Paragraph 24 of the Complaint purport to interpret the "collective bargaining agreement." The Defendant states that the "collective bargaining agreement" speaks for itself and the Defendant objects to any characterization of the "collective bargaining agreement" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 24 of the Complaint.

25.    The allegations in Paragraph 25 of the Complaint purport to interpret the "Trust Agreements." The Defendant states that the "Trust Agreements" speak for

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

themselves and the Defendant objects to any characterization of the "Trust Agreements" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 25 of the Complaint.

26.    The allegations in Paragraph 26 of the Complaint purport to interpret the "Health Trust Agreement" and the "Pension Trust Agreement" The Defendant states that the "Health Trust Agreement" and the "Pension Trust Agreement" speak for themselves and the Defendant objects to any characterization of these agreements inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 26 of the Complaint.

27.    The allegations in Paragraph 27 of the Complaint purport to interpret the "Trust Agreements." The Defendant states that the "Trust Agreements" speak for themselves and the Defendant objects to any characterization of the "Trust Agreements" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 27 of the Complaint.

28.    The allegations in Paragraph 28 of the Complaint purport to interpret the "Trust Agreements." The Defendant states that the "Trust Agreements" speak for themselves and the Defendant objects to any characterization of the "Trust Agreements" inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 28 of the Complaint.

29.    The allegations in Paragraph 29 of the Complaint purport to interpret the "Health and Pension Trusts." The Defendant states that the "Health and Pension Trusts" are governed by documents that speak for themselves and the Defendant objects to any

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

characterization of the "Health and Pension Trusts" inconsistent with their governing documents.    The Defendant otherwise denies the allegations in Paragraph 29 of the Complaint.

30.    The allegations in Paragraph 30 of the Complaint purport to interpret the "Health and Pension Trusts."    The Defendant states that the "Health and Pension Trusts" are governed by documents that speak for themselves and the Defendant objects to any characterization of the "Health and Pension Trusts" inconsistent with their governing documents.    The Defendant otherwise denies the allegations in Paragraph 30 of the Complaint.

31.    The Defendant is without information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore denies same.  Further, to the extent the allegations in Paragraph 31 attempt to characterize or interpret the Health and Pension Trust Collection Procedure attached to the Complaint as Exhibit F, the Defendant states that the document speaks for itself, and objects to any characterization or interpretation of that document inconsistent with the terms thereof.

32.    The allegations in Paragraph 32 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the Defendant denies the allegations in Paragraph 32, including any contention that the Defendant breached any agreement, statute or other law, and that the Plaintiffs are entitled to the relief sought.

33.    The Defendant denies the allegations in Paragraph 33 of the Complaint.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## The Delinquencies

34.    The Defendant admits that on or about August 25, 2006, a payroll audit of the Defendant was performed by Regardie, Brooks & Lewis.  The Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 34 of the Complaint, and therefore denies same.

35.    The allegations in Paragraph 35 of the Complaint purport to interpret a "payroll audit report."  The Defendant states that the "payroll audit report" is a document that speaks for itself and the Defendant objects to any characterization of the "payroll audit report" inconsistent with the terms thereof.  The Defendant admits that it received a copy of the "payroll audit report" attached as Exhibit G to the Complaint.  The Defendant otherwise denies the allegations in Paragraph 35 of the Complaint.

36.    The Defendant admits that it received copies of the letters attached as Exhibit H to the Complaint.  The Defendant otherwise denies the allegations in Paragraph 36 of the Complaint.

37.    The Defendant admits that it received copies of the letters attached as Exhibit I to the Complaint.  The Defendant otherwise denies the allegations in Paragraph 37 of the Complaint.

38.    The Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    The Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    The Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    The Defendant denies the allegations in Paragraph 41 of the Complaint.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## COUNT I

42.    The Defendant admits, denies and alleges with respect to the allegations in Paragraph 42 of the Complaint as it did with respect to the allegations in Paragraphs 1-41 of the Complaint, as set forth above.

43.    The allegations in Paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 43 are denied.

44.    The Defendant denies the allegations in Paragraph 44 of the Complaint.

45.    The Defendant denies the allegations in Paragraph 45 of the Complaint.

46.    To the extent the allegations in Paragraph 46 of the Complaint purport to characterize or interpret the "payroll audit report," the Defendant states that this document speaks for itself and the Defendant objects to any characterization or interpretation inconsistent with the terms thereof. The Defendant otherwise denies the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint presuppose that the Defendant failed to make required contributions, and to pay other monies allegedly owed, which is denied. As such, the Defendant denies the allegations in Paragraph 47 of the Complaint.

48.    The allegations in Paragraph 48 of the Complaint presuppose that the Defendant failed to make required contributions, and to pay other monies allegedly owed, which is denied. As such, the Defendant denies the allegations in Paragraph 48 of the Complaint.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

49.    The allegations in Paragraph 49 of the Complaint presuppose that the Defendant failed to make required contributions, and to pay other monies allegedly owed, which is denied.  As such, the Defendant denies the allegations in Paragraph 49 of the Complaint.

Relief

The Defendant denies all relief sought by the Plaintiffs in their Complaint, including, but not limited to, damages in the form of contributions to the Health and Pension Trusts, interest on alleged delinquent and unpaid contributions, liquidated damages, costs, including attorneys' fees, as well as the injunctive and all other relief sought.

**AFFIRMATIVE AND OTHER DEFENSES**

FIRST DEFENSE

The Plaintiffs fail to state a claim upon which relief can be granted.

SECOND DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the terms and conditions of the applicable collective bargaining agreements, and other contracts, agreements or understandings between and among the parties, which may include, but not be limited to, the documents attached as exhibits to the Complaint.

THIRD DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, by operation of the doctrines of estoppel and/or waiver.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## FOURTH DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, to the extent the Plaintiffs do not have standing to assert the claims.

## FIFTH DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, by the terms and conditions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1001 *et seq.*, and/or the Labor Management Relations Act of 1974, as amended, 29 U.S.C. Sections 141 *et seq.*, including, but not limited to, sections 142, 152, and 185.

## SIXTH DEFENSE

The Plaintiffs' claims may be barred by the applicable statute or contractual period of limitations.

## SEVENTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred to the extent contractual or statutory conditions precedent have not been satisfied.

## EIGHTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred to the extent proper or timely notice was not provided to the Defendant.

## NINTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred by the doctrine of payment.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## TENTH DEFENSE

Arata denies the execution of written documents on the terms alleged.

## ELEVENTH DEFENSE

Arata denies all allegations in the Complaint not specifically admitted above.

## TWELTH DEFENSE

Arata denies that it breached any collective bargaining agreement, or other contract, agreement or understanding between or among the relevant parties, and specifically that it breached any of the contracts or agreements attached as exhibits to the Complaint.

## THIRTEENTH DEFENSE

Arata generally denies all liability and damages to the Plaintiffs.

**WHEREFORE**, Arata Expositions, Inc., denies that the Plaintiffs are entitled to any relief, including, but not limited to, the relief demanded in their Complaint, and requests that the Plaintiffs' Complaint be dismissed with prejudice, and that the Defendant be awarded its costs and expenses, including reasonable attorneys' fees, incurred in this matter.

Respectfully submitted,

McCARTHY WILSON LLP

BY:   /s/ Ronald W. Cox, Jr.
Richard W. Evans, Esq. #448436
Ronald W. Cox, Jr., Esq. #451217
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770 phone
(301) 762-3023 fax
*Counsel for Defendant*

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## JURY DEMAND

Defendant, Arata Expositions, Inc. hereby requests a trial by jury as to all issues triable by jury and raised herein.

Respectfully submitted,

McCARTHY WILSON LLP

BY:    /s/ Ronald W. Cox, Jr.
Richard W. Evans, Esq. #448436
Ronald W. Cox, Jr., Esq. #451217
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770 phone
(301) 762-3023 fax
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October, 2007 a copy of the forgoing Answer to Complaint and Jury Demand was filed electronically, and a copy sent, postage pre-paid to:

Richard Welch, Esq.
Michael L. Artz, Esq.
Mooney, Green, Baker & Saindon, P.C.
1920 L. Street, N.W.
Suite 400
Washington, D.C. 20036
*Counsel for Plaintiffs*

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

   /s/ Ronald W. Cox, Jr.
Ronald W. Cox, Jr.

CO-386-online
10/03

# United States District Court
# For the District of Columbia

TEAMSTERS LOCAL 6390  EMPLOYERS )
HEALTH TRUST AND ITS TRUSTEES, et al. )
)
)
Plaintiff )          Civil Action No. __1:07-cv-01604_____
vs )
)
ARATA EXPOSITIONS, INC. )
)
)
Defendant )

## CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for __Arata Expositions, Inc._____ certify that to the best of my knowledge and

belief, the following are parent companies, subsidiaries or affiliates of __Arata Expositions, Inc._____ which have

any outstanding securities in the hands of the public:

### None

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_____
Signature

#451217
_____        Ronald W. Cox, Jr., Esq.
BAR IDENTIFICATION NO.          Print Name

                                100 South Washington Street
                                Address

                                Rockville ,    Maryland        20850
                                City           State           Zip Code

                                (301) 762-7770
                                Phone Number