IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

TEAMSTERS LOCAL 6390EMPLOYERS *
HEALTH TRUST AND ITS TRUSTEES, *
et al. *
          Plaintiffs *
          v. *   Case No.: 1:07-cv-01604
ARATA EXPOSITIONS, INC. *   Judge Robertson
           *   Description: Labor/ERISA
          Defendant *   Next Event: Initial Scheduling
           *   Conference: 10/30/07

## RULE 16 REPORT

COME NOW the parties, by their undersigned counsel, and submit the following preliminary Rule 16 Report:

1. <u>Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.</u>

   The parties anticipate that one or more dispositive motions may be filed following discovery.

2. <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

   Not applicable.

3. <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

   The parties are discussing this option.

4. <u>Whether there is a realistic possibility of settling the case.</u>

   Settlement may be a possibility after review of relevant documents, and some initial discovery.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

5. <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>

   Mediation may be beneficial after discovery, and ruling on any dispositive motions filed.

6. <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions, and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>

   The parties request that they be given thirty days following the close of discovery to file dispositive motions.

7. <u>Whether the parties should stipulate to dispense with the initial disclosures required by F.R.C.P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>

   The parties stipulate to dispense with disclosures required by Rule 26(a)(1), although they shall exchange a list of potential witnesses and relevant documents in each party's custody, possession or control within thirty (30) days following the issuance of the Scheduling Order.

8. <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

   The parties request ninety (90) days for discovery. The deadline for discovery would be February 4, 2008 (All discovery to be served such that responses are due on or before February 4, 2008).

   Depositions:        limit of 7 per party; no more than 10 hours total.

   Interrogatories:    25

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

   Otherwise pursuant to Federal Rules.

9. <u>Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.C.P., should be modified, and whether and when depositions of experts should occur.</u>

   The parties will identify any experts within the time prescribed by Rule 26 (a)(2).

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and he timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not Applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Not Applicable.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 thereafter).

Approximately thirty (30) days following all rulings on dispositive motions (May 5, 2008).

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties prefer that the trial date be set at the Pre-Trial Conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None at this time.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

Respectfully submitted,

McCARTHY WILSON LLP

BY:  /s/ Ronald W. Cox, Jr.
Richard W. Evans, Esq.  #448436
Ronald W. Cox, Jr., Esq. #451217
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770 phone
(301) 762-3023 fax
*Counsel for Defendant*

BY:  /s/ Richard Welch
Richard Welch, Esq.   #485756
Michael L. Artz, Esq.  #468025
Mooney, Green, Baker & Saindon, P.C.
1920 L. Street, N.W.
Suite 400
Washington, D.C. 20036
(202)  783-0010 phone
(202)  783-6088 fax
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2007 a copy of the forgoing Rule 16 Report was filed electronically, and a copy sent, postage pre-paid to:

Richard Welch, Esq.
Michael L. Artz, Esq.
Mooney, Green, Baker & Saindon, P.C.
1920 L. Street, N.W.
Suite 400
Washington, D.C. 20036
*Counsel for Plaintiffs*

/s/ Ronald W. Cox, Jr.
Ronald W. Cox, Jr.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770